UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

SECURITIES AND EXCHANGE COMMISSION,
    Plaintiff,

v.

ARCHER-DANIELS-MIDLAND COMPANY,
    Defendant.

Case No.

Equitable Relief is Sought

### CONSENT OF DEFENDANT ARCHER-DANIELS-MIDLAND COMPANY

1. Defendant Archer-Daniels-Midland Company ("ADM" or "Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and consents to the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Defendant acknowledges as true and accurate the facts set forth in the attached Statement of Facts, entered into in connection with its Non-Prosecution Agreement with the United State Department of Justice, Criminal Division which is attached as Exhibit A to this Consent.

3. Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a)    permanently restrains and enjoins Defendant from violating Sections 13(b)(2)(A) and 13(b)(2)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §78m(b)(2)(A), and 78m(b)(2)(B)]; and

    (b)    orders Defendant to pay disgorgement in the amount of $33,342,012 plus prejudgment interest thereon in the amount of $3,125,354.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant agrees that any reports it provides to the Department of Justice, pursuant to the obligations contained in Attachment C (Reporting Requirements) to its Non-Prosecution Agreement with the United States Department of Justice, will also be concurrently provided to the Commission Staff. Defendant also agrees that it will incorporate the Commission staff's views in discharging its Reporting Requirements. Such reports should be transmitted to Mr. Gerald Hodgkins, Associate Director, Division of Enforcement, U.S. Securities and Exchange Commission, 100 F. Street NE, Washington, DC 20549. Defendant also agrees it will certify, in writing, compliance with the requirements set forth in this paragraph no later than sixty (60) days from the date of the completion of its obligations under the Reporting Requirements.

6. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

12. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction

while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14 Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15   Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: December 17, 2013

Archer-Daniels-Midland Company

By: _____
D. Cameron Findlay
Senior Vice President,
General Counsel & Secretary
Archer Daniels Midland Company
4666 Faries Parkway
Decatur, IL 62526

On December 17, 2013 D. Cameron Findlay, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of ADM as its Sr. VP & GC.

_____
Notary Public
Commission expires: 2-15-2016

Approved as to form:

_____
William J. Bachman
Jon R. Fetterolf
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Attorneys for Defendant

5